# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No. 12-1264,   Jihui Zhang v. Federation of State Medical Boards, et al.
1:11-cv-00129-CCE-PTS

**1. Jurisdiction (for appellants/petitioners only)**
A. Name of the court or agency from which review is sought:

The United States District Court for the Middle District of North Carolina, at Greensboro

B. Date(s) of the order or orders for which review is sought:

February 6, 2012 and February 21, 2012

**2. Timeliness of notice of appeal or petition for review (for prisoners only)**
Exact date on which notice of appeal or petition for review was placed in institution's internal mailing system for mailing to court:

Not Applicable

**3. Issues for Review**
Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.

**Issue 1.** As to the cause of action cited by plaintiff-appellant Jihui Zhang ("Zhang"), the Federal District Court for the Middle District of North Carolina at Greensboro ("District Court") shall not limit its adjudication to the U.S. Statute cited, and shall consider the listed brief description of cause, *i.e.*, "withhold or deny right or privilege" and "breach of internal policies."

**Supporting Facts and Argument:** On the Civil Cover Sheet (*see* Docket #2), Zhang cites 42 USC 2000a-2(a) as the U.S. Civil Statute under which he is filing and "withhold or deny right or privilege, breach of internal policies" as brief description of cause. In the Recommendation of United States Magistrate Judge ("Recommendation") (*see* Docket #32), District Court dismisses the case with the finding that Zhang fails to state a claim for relief under the above statute, to which Zhang does not object; however, no recommendation or finding is made in regard to "withhold or deny right or privilege, breach of internal policies." In his Objection to the Recommendation ("Objection") (*see* Docket #34), Zhang requests District Court consider "withhold or deny right or privilege, breach of internal policies" and he provides ample factual evidence to support his claims so that District Court can adjudicate under applicable statutes. *see* Objection p. 3-15. District Court enters an order on February 6, 2012 adopting the Magistrate Judge's recommendation to dismiss the case without making a recommendation on claims of "withhold or deny

right or privilege, breach of internal policies." Not knowing such an order has been entered and concerned that District Court might have been misled, Zhang files a reply brief on February 7, 2012, which essentially discredits all the counterclaims (*see* Docket #39 p. 2-13). Without giving any *de novo* findings or any explanation of not considering Zhang's claims of "withhold or deny right or privilege, breach of internal policies," District Court enters an order on February 21, 2012 to have the previous order and judgment remain in effect. Zhang files Notice of Appeal on February 27, 2012 with the belief that, while citing 42 USC 2000a-2(a) may have been an error, District Court shall take necessary steps "to go to particular pains to protect *pro se* litigants against consequences of technical errors if injustice would otherwise results." (*U.S. v. Sanchez*, 88 F. 3d 1243, D.C. Cir. 1996)

**Issue 2.** Defendant-appellee Prometric, Inc. ("Prometric") has breached the United States Medical Licensing Examination (USMLE) Step 3 policy of two-consecutive days' testing by scheduling and permitting Zhang to take his USMLE Step 3 test on January 25 (Monday) and 28 (Thursday), 2010.

**Supporting Facts and Argument:** Prometric provides computer-based testing service for USMLE Step 3, a two-day test co-sponsored by defendants-appellees Federation of State Medical Boards ("FSMB") and National Board of Medical Examiners ("NBME"). USMLE policy states clearly that the two days of Step 3 test must be consecutive unless they are separated by weekend days or holidays when Prometric Testing Centers are closed. *see* Docket #1 Exhibit B p. 2 and Docket #24 Exhibit A p. 22 of 45. The scheduling by Prometric of Zhang's USMLE Step 3 test on Monday and Thursday of January 25 and 28, 2010, respectively, is thus not in compliance with the above policy. The Prometric Test Center in Greensboro, North Carolina has committed professional negligence by permitting Zhang to take the test as scheduled. Prometric's representative confesses that such a scheduling for Zhang's Step 3 test is in fact a violation of USMLE policy. *see* Docket #1 p. 4 and Docket #34 p. 6. FSMB's representative expresses serious concern over such a schedule. *see* Docket #1 p. 2-3 and Docket 34 p. 6-7. NBME, however, having trouble finding justification for Zhang's Step 3 test schedule, conducts an internal review by a group of senior staff members, which concludes that the Prometric Test Center in Greensboro, North Carolina, is often closed on Tuesday and Wednesday. *see* Docket #1 Exhibit D. No evidence is provided to support the finding of "often closed on Tuesday and Wednesday," and such a finding flies in the face of USMLE Step 3 test scheduling policy and renders the two-consecutive-day testing policy unenforceable, i.e., there is no way for Prometric's online scheduling system to determine which Tuesday and Wednesday are closed for its test center at Greensboro, North Carolina. Furthermore, the group of senior staff is led by NBME's Test Administration Manager Mary E. Patterson, who appears to have falsified documentation and committed fraud in the past.

**Issue 3.** Scheduling and taking the USMLE Step 3 test on two non-consecutive days of Monday and Thursday can cause a failure by Prometric Test Center to electronically bundle the response files from the two testing days and ultimately leads to improper scoring by NBME.

**Supporting Facts and Argument:** After the two-day USMLE Step 3 test ends, Prometric Test Center has to electronically bundle an examinee's response files from the two test days for proper scoring by NBME, which explains why there is a strict policy of two-consecutive days of testing. FSMB's Supervisor of Examination Services Debbie Cusson, however, deliberately lies about this fact to Zhang. *see* Docket #1 p. 4-5 and Docket #34 p. 11-13. Such a lie raises serious question about whether Zhang's Step 3 test has been bundled and scored properly by Prometric and NBME, respectively. Due to lack of transparency on the part of FSMB and NBME, Zhang has to come up with a logical and reasonable scenario to outline how his Step 3 test files might have been processed by Prometric. *see* Docket #35 p. 14. So far, it appears that Prometric has saved and NBME has possession of Zhang's Step 3 test response files accounting for both testing days. However, neither FSMB nor NBME has provided even the slightest evidence showing that these two response files have been properly bundled and accounted for Zhang's Step 3 score. They have refused to provide copies of Zhang's rechecked answer sheet, and even refused to provide the percentage of questions answered correctly on the first day of testing and the percentage of questions answered correctly on the second day of testing. FSMB and NBME have failed to prove that both testing days' response data have been properly accounted for scoring Zhang's Step 3 test.

**Issue 4.** Zhang's right or privilege of getting his extremely low USMLE Step 3 score investigated by NBME's Office of Scores and Examinees Records is unduly denied due to interference from NBME's Office of Test Administration.

**Supporting Facts and Argument:** Zhang's USMLE Step 3 score of 174 is extremely low, more than two standard deviations below the mean. *see* Docket #39 p. 3-4 and Exhibit A. NBME's Office of Scores and Examinees Records agrees to investigate Zhang's Step 3 test score. *see* Docket #1 p. 3, Docket #29 p. 12-13, Objection p. 8 and Exhibit G. Such an investigation is also known as manual score recheck, as opposed to the automated score recheck FSMB/NBME routinely offers. A few days later and after it has discussed with Test Administration, Scores and Examinees' Records refuses to investigate and recommends Zhang to contact Test Administration. *see* Objection p. 8-9 and Exhibit I, Docket #39 p. 5. The fact that NBME's Office of Scores and Examinees' Records shirks its responsibility of score investigation and refers Zhang to the Office of Test Administration implies there is a problem of test administration with Zhang's Step 3 test, *i.e.*, scheduling and taking on two non-consecutive days (Monday and Thursday). NBME has denied Zhang's legitimate request for an investigation of his USMLE Step 3 score.

### 4. Relief Requested

Identify the precise action you want the Court of Appeals to take:

For the foregoing reasons, Zhang respectfully requests that the decision of the United States District Court for the Middle District of North Carolina, at Greensboro, be reversed.

### 5. Prior appeals (for appellants only)

A. Have you filed other cases in this court?  Yes [ ]  No [X]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

_____
JIHUI ZHANG, Plaintiff-Appellant, *pro se*


### CERTIFICATE OF SERVICE
**************************

I certify that on March 09, 2012 I served a complete copy of this Informal Brief on all parties, addressed as shown below:

Jonathan Arthur Berkelhammer
SMITH MOORE LEATHERWOOD, LLP
Wells Fargo Tower
300 North Greene Street, Suite 1400
Greensboro, NC 27410

Reid Lloyd Phillips and Benjamin R. Norman
BROOKS, PIERCE, MCLENDON, HUMPHREY
& LEONARD, LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401

_____
JIHUI ZHANG, Plaintiff-Appellant, *pro se*
102 Rowe Road
Chapel Hill, NC 27516
Telephone: 919 942 1880
E-mail: zjh1023@gmail.com




U.S. POSTAGE PAID
CHAPEL HILL, NC
27516
MAR 09, 12
AMOUNT $1.50
00041780-06

23219
1000

INSPECTED
MAR 13 2012
U.S. MARSHALS

Jihui Zhang, MD, PhD.
102 Rowe Road
Chapel Hill, NC 27516

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219