IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No:  12-1264

| | |
|---|---|
| JIHUI ZHANG,            ) | |
|                   ) | |
|     Plaintiff/Appellant,   ) | |
|                   ) | |
|    v.              ) | **APPELLEE PROMETRIC INC.'S** |
|                   ) | **SUPPLEMENTAL MEMORANDUM TO** |
| FEDERATION OF STATE MEDICAL   ) | **ITS INFORMAL BRIEF** |
| BOARDS, NATIONAL BOARD OF    ) | |
| MEDICAL EXAMINERS, and      ) | |
| PROMETRIC,           ) | |
|                   ) | |
|     Defendants/Appellees.  ) | |

Appellee Prometric Inc. ("Prometric"), through counsel and pursuant to Local Rule 34(b) submits the following Supplemental Memorandum to its Informal Brief in the above-captioned matter.

## Statement of Relevant Facts and Procedural History

Appellant Jihui Zhang ("Appellant") appearing *pro se*, filed this action on February 11, 2011, against three defendants, Federation of State Medical Boards ("FSMB"), National Board of Medical Examiners ("NBME") and Prometric. Appellant's Complaint does not attempt to label or enumerate any specific cause of action. *See* Compl. [D.E. #1]. In his Civil Cover Sheet,[1] however, Appellant indicated that the nature of his suit was

---

[1] It is proper to consider a *pro se* plaintiff's Civil Cover Sheet and its identification of the statute under which the plaintiff purports to file when determining what causes of action the plaintiff purports to bring in the context of a motion to dismiss for failure to state a claim upon which relief can be granted. *See Williams v. Studivent*, Slip Op., 2009 WL 3837627, at *2 n.4 (M.D.N.C. Nov. 16, 2009).

"Other Civil Rights," cited 42 U.S.C. § 2000a-2(a) as the Statute under which he was filing, and provided a brief description of the cause as "[w]ithhold or deny right or privilege, [b]reach of internal policies."  *See* Civil Cover Sheet [D.E. #2].

Appellant is a medical doctor who took and failed Step 3 of the United States Medical Licensure Examination ("USMLE"). Compl. ¶4.[2]  The USMLE is co-sponsored by appellees FSMB and NBME.  *Id.* ¶1.  Step 3 is a two day examination administered by Prometric.  *See id.* ¶¶1, 7, 8.  The USMLE Bulletin provides that Step 3 may be taken on nonconsecutive days as follows:

> Some, but not all, Prometric Test Centers are open on weekend days.  When you schedule your Step 3 test dates, the two days on which you take the test must be consecutive, *unless the center is closed on the day that follows your first day of testing.  In that event, Prometric will assign you to the next day the center is open for your second day of testing.*  In all other cases, you must take Step 3 on two consecutive days at the same test center.

*See id.* Ex. B (emphasis added).

On December 7, 2009, Appellant himself scheduled his Step 3 on-line at www.prometric.com.  *Id.* ¶1.  Appellant scheduled his Step 3 for Monday, January 25, 2010 and Thursday, January 28, 2010.  *Id.* ¶1.  Appellant "took the test as scheduled, and everything went well as expected."  *Id.* ¶1.  On February 17,

---

[2] Unless otherwise noted, when citing paragraphs of the Complaint, Prometric is referring to the numbered paragraphs in the section labeled "III. STATEMENT OF CLAIM."

2010, Appellant received his score report and learned that he failed Step 3. *Id.* ¶2. Appellant received a score of 68 while a score of 75 is the minimal passing score. *Id.* ¶4. Appellant was "shocked" that he failed. *Id.* ¶2. That same day, Appellant contacted FSMB and requested a score recheck. *Id.* ¶2. FSMB completed the score recheck and, on March 26, 2010, reported to Appellant that the originally reported score was accurate. *Id.* ¶4. Unsatisfied, Appellant continued to contend that his exam was not scored correctly. *Id.* ¶4. Appellant also contended that his failing score might have been caused by an incomplete transfer of his Step 3 responses from the Prometric test center to NBME. *Id.* ¶4. Appellant contacted FSMB and NBME numerous times over several months to voice these contentions. *Id.* ¶4. In response, FSMB and NBME again reviewed Appellant's Step 3 responses and score. *Id.* ¶¶4, 5, 6, Exs. C, D, G, H. Finding no errors, FSMB and NBME repeatedly assured Appellant and Appellant's attorney that NBME indeed received all of Appellant's Step 3 responses and that Appellant's Step 3 was scored correctly. *Id.* ¶¶4, 5, 6, Exs. C, D, G, H. Yet, Appellant remains unsatisfied and remains convinced that his exam was scored incorrectly. *Id.* ¶¶7, 8.

After noting that the substantial "efforts to reassure [Appellant] on the completeness and accuracy of his Step 3 score have already gone beyond those that the USMLE program ordinarily

3

accords," FSMB declined to provide further response to the requests of Appellant for further investigation of Appellant's score. *Id.* Ex. H. Appellant contends that the failure of FSMB and NBME to perform a "manual score recheck" and to conduct further "fair and subjective investigation" into his score violates his civil rights. *Id.* ¶¶7, 8. Appellant seeks relief in the form of an order forcing a "fair and subjective investigation" into his Step 3 score and $195,000. *See id.*, Section IV.

Prometric and the other appellees filed motions to dismiss the Complaint for failure to state a claim upon which relief may be granted. [D.E. #20, #23].

On December 29, 2011 United States Magistrate Judge P. Trevor Sharp entered a Recommendation recommending that Prometric's and the other appellees' motions to dismiss be granted and that this lawsuit be dismissed (the "Recommendation"). [D.E. #32]. On January 13, 2012, Appellant filed Plaintiff's Objection. [D.E. #34]. On January 30, 2012, Prometric filed its Response to Plaintiff's Objection. [D.E. #36]. On February 6, 2012, the District Court entered an Order adopting the Recommendation, and granting Prometric's and the other appellees' motions to dismiss the Complaint with prejudice (the "February 6, 2012 Order"). [D.E. #37]. Also on February 6, 2012, the District Court entered a Judgment consistent with

4

the February 6, 2012 Order.  [D.E. #38].  Despite the February

6, 2012 Order and Judgment, on February 7, 2012, Appellant filed

a Reply Brief in support of his Objection to the Recommendation.

[D.E. #39].  On February 21, 2012, the District Court entered an

Order noting that it reviewed Appellant's Reply Brief and found

that "it does not support making any change in the Court's

previous ruling," and ordering that the Court's previous

February 6, 2012 Order and Judgment remain in effect (the

"February 21, 2012 Order").  [D.E. #40].  On February 267, 2012,

Appellant filed a Notice of Appeal of the February 6, 2012 Order

and February 21, 2012 Order.  [D.E. #41].

## Argument

**I.  Appellant's First Issue for Review Misrepresents the Recommendation, February 6, 2012 Order and the February 21, 2012 Order in that the District Court Fully Considered the Allegations of the Complaint and Found that They Failed to State a Claim Under Any Legal Theory.**

In Appellant's first issue for review, Appellant argues

that the District Court did not consider the brief description

of his cause provided in his Civil Cover sheet – "withhold or

deny right or privilege, [b]reach of internal policies."

Appellant admits that the District Court properly dismissed any

claims under the statute cited in his Civil Cover Sheet, 42

U.S.C. § 2000a-2(a).[3]

---

[3] To the extent that Appellant does not admit the proper dismissal of any alleged claims under 42 U.S.C. § 2000a-2(a), Prometric incorporates fully herein Section B of its Brief in Support of its Motion to Dismiss [D.E. #24] and Section II.A of its Response to Plaintiff's Objection to the Recommendation [D.E. #36].

5

Appellant is incorrect in that the Recommendation provided that the District Court liberally considered all allegations of his Complaint but could find "no well-stated claim under any apparent legal theory." Recommendation at 7 n.3. Moreover, in addition to finding that the Complaint failed to state a claim under 42 U.S.C. § 2000a-2(a), the Recommendation analyzed the allegations of the Complaint to determine whether they stated a claim under 42 U.S.C. § 1983 and found that the Complaint failed to state such a claim. *Id.* at 7.

Further, Appellant made this same argument in his Objection to the Recommendation. Pl.'s Objection at 1, 3. Therefore, the District Court already considered and rejected this argument. As the District Court provided in the February 6, 2012 Order, "[t]he Court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report." February 6, 2012 Order at 1.

Thus, Appellant's first issue for review is incorrect. In addition to properly dismissing any claim under the statute designated by Appellant, 42 U.S.C. § 2000a-2(a), the Court liberally considered the allegations of the Complaint and found that they failed to state a claim under any legal theory. Therefore, the District Court properly dismissed the Complaint with prejudice.

6

## II.  Appellant's Claims Against Prometric Were Properly Dismissed by the District Court Below.

The second, third and fourth issues for review raised in Appellant's informal brief relate to the dismissal of his claims against Prometric and other appellees.  As with his pleadings and papers to the District Court below, Appellant again fails to present a coherent explanation of his legal position to the Court.  Rather than offer his view as to why the District Court's Order dismissing his claims was in error, Appellant appears to simply repeat and recast the allegations of his Complaint.  To the extent Appellant's informal brief contains facts not alleged in his Complaint, any new facts may not be considered by this Court because Appellant cannot effectively amend his Complaint on appeal.  *See, e.g.*, *Renovitch v. Kaufman*, 905 F.2d 1040, 1049 n.12 (7th Cir. 1990) ("A party cannot amend its complaint on appeal by alleging new facts in its appellate brief.")  Nevertheless, even if all facts contained in his informal brief are considered, Appellant still has failed to present any discernible - much less cognizable - legal theory against Prometric.  The District Court's Order dismissing the Complaint should be summarily affirmed.

### A.  Appellant's Second Issue for Review Fails Because Prometric Did Not Violate USMLE Policy.

In his second issue for review, Appellant argues that his scheduling of the two day Step 3 on non-consecutive days is a

7

violation of USMLE policy and that the alleged violation somehow states a claim against Prometric and possibly FSMB and NBME. Appellant's informal brief provides a self-serving interpretation of the policy and his determination of a violation. However, Appellant's Complaint provides that the scheduling of his Step 3 on non-consecutive days is not a violation of USMLE policy.

First, the USMLE policy attached by Appellant to the Complaint clearly provides that an examinee can schedule Step 3 on non-consecutive days if the test center is closed on the day(s) that follow the first day of testing. It states,

> Some, but not all, Prometric Test Centers are open on weekend days. When you schedule your Step 3 test dates, the two days on which you take the test must be consecutive, *unless the center is closed on the day that follows your first day of testing. In that event, Prometric will assign you to the next day the center is open for your second day of testing.* In all other cases, you must take Step 3 on two consecutive days at the same test center.

*See* Compl. Ex. B (emphasis added). Appellant's incorrect interpretation of the USMLE policy contradicts this clear language.

Second, FSMB and NBME confirmed repeatedly that Appellant's testing on non-consecutive days did not violate USMLE policy. *Id.* Ex. C ("It is not uncommon nor against USMLE policy for examinees to be scheduled on non-consecutive days."); *Id.* Ex. G ("From the perspective of the USMLE program, Dr. Zhang's test

8

administration dates were appropriate and complied with stated policies.").

Most importantly, Appellant's only alleged concern regarding his testing on non-consecutive days is that it caused the unsuccessful transfer of his Step 3 responses from Prometric to NBME. *Id.* ¶4. This after-the-fact concern is baseless. As addressed in Section II.B below, no facts in the Complaint support a reasonable inference that Prometric failed to transfer Appellant's Step 3 responses.

Appellant's allegation of "professional negligence" against Prometric – first raised in this informal appeal – fails as Appellant has admitted that there was no proximate damage from his testing on non-consecutive days. Appellant admitted that the test data was properly delivered to NBME for scoring. Pl.'s Objection at 10 ("[D]efendants FSMB and NBME did have a complete data file for each of the two testing days … ."); Informal Br. at 3 (NBME "has possession of [Appellant]'s Step 3 test response files accounting for both testing days."). Moreover, the other elements of professional negligence – the nature of Prometric's profession and Prometric's duty to conform to a certain standard of conduct - are not pled in the Complaint or addressed in Appellant's informal brief. Therefore, any newly asserted claim of professional negligence against Prometric fails.

9

**B.**    **Appellant's Third Issue for Review Fails Because Any Claim Regarding the Delivery of Appellant's Step 3 Responses and Its Effect on the Scoring of Appellant's Step 3 Fails to State a Claim upon which Relief Can Be Granted.**

In his third issue for review, Appellant argues that his response files were not properly delivered by Prometric and ultimately led to an improper scoring of his Step 3 by NBME.

Appellant's argument is repeatedly belied by his own Complaint. Appellant's Complaint provides that on at least four separate occasions, FSMB or NBME confirmed that all of Appellant's Step 3 responses were delivered successfully to NBME for scoring. Specifically, in a letter of April 2, 2010, Appellant was informed that "[a] review of your January 25 and 28, 2010 Step 3 examination record found that you received the full amount of testing time and we received data accounting for all test sections, including your responses." Compl. Ex. C. Next, in a letter of April 22, 2010, Appellant was informed that "[o]ur review confirmed that the response data received is yours, and we found no irregularities with your examination data." *Id.* Ex. D.  On September 2, 2010, Appellant's attorney was informed that "[t]he score recheck performed previously at Dr. Zhang's request included a review to ensure that a complete data file was captured from both days of testing." *Id.* Ex. G. On November 10, 2010, Appellant's attorney was informed that "the recent additional review of [Appellant's] data outcome file

10

from which I was able to inform you [, Appellant's attorney,] by email on September 21, 2010 that Dr. Zhang [sic] completed all scored items on his Step 3 administration with the exception of one item on day one of his examination." *Id.* Ex. H.   In Appellant's Objection, Appellant conceded that Prometric properly transferred his Step 3 responses.  Pl.'s Objection at 10 ("[D]efendants FSMB and NBME did have a complete data file for each of the two testing days … .").  Again in his informal brief, Appellant concedes that the NBME received and "has possession of [Appellant]'s Step 3 test response files accounting for both testing days."  Informal Br. at 3.

Moreover, Appellant's Complaint further undermines his conclusion that his Step 3 responses were not properly transferred.  Appellant alleges that he scored a 68 and that a 75 is a passing score.  Compl. ¶4.  It is unreasonable to conclude that Appellant nearly passed Step 3 based upon only one day's responses.

Therefore, Appellant's Complaint alleges no facts that would have allowed the District Court to reasonably infer that Appellant's Step 3 responses were improperly delivered by Prometric to NBME or that Appellant's Step 3 was improperly scored by NBME because of the delivery of Appellant's Step 3 responses.  Accordingly, any claim arising from Appellant's

11

unreasonable conclusion fails and was properly dismissed by the District Court.

> **C.    Appellant's Fourth Issue for Review Fails Because Any Claim Regarding the Investigation of Appellant's Step 3 Score Fails to State a Claim Against Prometric.**

In his fourth issue for review, Appellant argues that his "right or privilege of getting his extremely low USMLE Step 3 score investigated by NBME's Office of Scores and Examinees Records is unduly denied due to interference from NBME's Office of Test Administration." Prometric does not score Step 3. Appellant correctly does not allege that Prometric scored Appellant's Step 3. *See* Compl. ¶¶2, 3, 4, 7, 8. Prometric does not investigate the scores of Step 3. Appellant makes no allegations that Prometric is involved in the investigation of the scoring of his Step 3. Therefore, Appellant does not allege any claim against Prometric related to his "right or privilege" to an investigation of the scoring of his Step 3.

## Conclusion

While Prometric is mindful that pleadings drafted by *pro se* litigants are held to less stringent standards that are those drafted by attorneys, this Court has observed that there are limits to how far a trial court may stretch the allegations of a *pro se* plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Prometric respectfully submits that the District Court was correct in adopting the Recommendation

12

which concluded that Appellant's Complaint contained "no well-stated claim under any apparent legal theory."  Recommendation at 7 n.3.

WHEREFORE, for the reasons set forth herein and in Prometric's Informal Brief, Prometric respectfully requests that this Court affirm the February 6, 2012 Order of the District Court below, which granted Prometric's and the other appellees' motions to dismiss.

This the 26th day of March, 2012.

/s/ Benjamin R. Norman
Reid L. Phillips
N.C. State Bar No. 7968
rphillips@brookspierce.com
Benjamin R. Norman
N.C. State Bar No. 32852
bnorman@brookspierce.com
BROOKS, PIERCE, MCLENDON,
 HUMPHREY & LEONARD, L.L.P
Post Office Box 26000
Greensboro, NC  27420
Telephone: (336) 373-8850
Facsimile: (336) 378-1001

*Attorneys for Appellee Prometric Inc.*

13

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 26, 2012 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Jihui Zhang
102 Rowe Road
Chapel Hill, NC 27516

*Plaintiff/Appellant*

This the 26th day of March, 2012.

/s/ Benjamin R. Norman
Benjamin R. Norman