IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No.: 12-1264

| | |
|---|---|
| JIHUI ZHANG, ) | |
| ) | |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | **INFORMAL RESPONSE** |
| ) | **BRIEF OF DEFENDANTS** |
| FEDERATION OF STATE MEDICAL ) | **FEDERATION OF STATE** |
| BOARDS, NATIONAL BOARD OF ) | **MEDICAL BOARDS AND** |
| MEDICAL EXAMINERS, and ) | **NATIONAL BOARD OF** |
| PROMETRIC, ) | **MEDICAL EXAMINERS** |
| ) | |
| Defendants/Appellants. ) | |

Pursuant to the Informal Briefing Order [Appeal Doc. 2], Defendant-Appellees Federation of State Medical Boards ("FSMB") and National Board of Medical Examiners ("NBME") (collectively "Defendant-Appellees") respectfully submit this Informal Response to Plaintiff-Appellant Jihui Zhang's Informal Brief [Appeal Doc. 11].

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

In late 2009, Plaintiff-Appellant applied to take Step 3 of the United States Medical Licensing Examination ("USMLE"). (Doc. No. 1, ¶ 1.) Step 3 is a two day, computer-based test. (*Id.*) That is, it is administered by computer, which records the examinee's responses. In addition, NBME electronically retrieves the examinee's Response Records and scores them using its proprietary Scoring Software. Plaintiff-Appellant was responsible for applying for and scheduling the days he would take the test. In this case, Plaintiff-Appellant took the first day of the test on Monday, January 25, 2010, and the second day of the test on Thursday, January 28, 2010. (*Id.*)

On February 17, 2010, Plaintiff-Appellant was notified that he had failed Step 3 of the USMLE. (Doc. No. 1, ¶ 2.) Plaintiff-Appellant

---

[1] The Memorandum Opinion and Recommendation and the District Court's adoption of that Recommendation in full addressed the Motion to Dismiss of FSMB and NBME. Accordingly, it was limited to a review of the facts contained in Plaintiff's Complaint as well as the attachments thereto. Any effort by Plaintiff-Appellant to add additional facts or amend his allegations through his memorandum or objections or through his arguments on this appeal should be rejected. *See Renovitch v. Kaufman*, 905 F.2d 1040, 1049, n. 12 (7th Cir. 1990) ("A party cannot amend its complaint on appeal by alleging new facts in its appellate brief.") *See also Owens v. IBM Corp.*, 1997 U.S. Dist. LEXIS 14536 at *6 n.2 (W.D.N.C. Aug. 14, 1997) ("[T]he Court takes it for granted that [plaintiff] cannot amend his complaint by means of briefs submitted in opposition to the motion to dismiss"); *Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 Fed. App'x 556, 563 (4th Cir. 2008) (holding that a plaintiff may not amend his or her complaint through arguments made in an opposing brief) (citations omitted).

submitted a request for a score recheck to FSMB. *Id.* On March 26, 2010, Plaintiff-Appellant received the results of his score recheck. (Doc. No. 1 ¶ 4.) The score recheck, which is performed by automated, quality assurance software, confirmed that Plaintiff-Appellant's score was accurate as originally reported. (*Id.*)

Unwilling to accept the fact that he failed to achieve a passing score, and apparently unwilling to simply retake the examination, Plaintiff-Appellant sought to blame others for his failure. Thus, Plaintiff–Appellant repeatedly contacted Defendant-Appellees claiming that his USMLE Step 3 test score was "too low to reflect [his] preparation and actual performance" and expressing concern that his test score was impacted because he did not take his Step 3 exam on consecutive days. (*Id.*) Plaintiff-Appellant also sought a manual recheck of his score. Despite being assured that both days of his testing were received and graded, Plaintiff-Appellant nevertheless continued to assert that not taking the test on consecutive days mysteriously and negatively impacted his score.

Defendant-Appellees repeatedly responded to Plaintiff-Appellant's inquiries. For example, by letter dated April 2, 2010, NBME informed Plaintiff-Appellant that "[i]t is not uncommon nor against USMLE policy for examinees to be scheduled on non-consecutive days." (Doc. No. 1, Ex.

3

C.) Plaintiff-Appellant also was informed that "[a] review of your January 25 and 28, 2010, Step 3 examination record found that you received the full amount of testing time and we received data accounting for all test sections, including your responses." (*Id.*) In response to another inquiry, Plaintiff-Appellant was informed by letter dated April 22, 2010, that his "correspondence and January 25 and 28, 2010, Step 3 examination record were submitted to a senior staff group for additional review." In the April 22, 2010 letter, Plaintiff-Appellant was advised as follows:

> Our review confirmed that the center at which you tested is often closed on Tuesday and Wednesday. If, at the time you scheduled your day one testing appointment, the center is closed the following day(s), the day two appointment is scheduled for the next day the center is open. This is consistent with USMLE policy for testing on consecutive days.

(Doc. No. 1, Ex. D.) Plaintiff-Appellant also was advised at this time that "[o]ur review confirmed that the response data received is yours, and we found no irregularities with your examination data." (*Id.*)

Plaintiff-Appellant subsequently hired an attorney. (Doc. No. 1, ¶ 6.) Plaintiff-Appellant's attorney wrote a demand letter to FSMB on August 10, 2010, expressing concerns regarding the fact that Plaintiff-Appellant did not take Step 3 of the exam on consecutive days and asking for a manual score recheck. (Doc No. 1, Ex. E.) By letter dated September 2, 2010, FSMB responded to Plaintiff-Appellant's attorney. In the September 2, 2010 letter,

4

FSMB explained that taking the exam on non-consecutive days was not a violation of the USMLE policies. (Doc. No. 1, Ex. G.) Counsel also was advised that

> [t]he score recheck performed previously at Dr. Zhang's request included a review to ensure that a complete data file was captured from both days of testing. The original response record was retrieved and rescored using a scoring system that is outside of the normal processing routine. As we noted in reporting the outcome of the score recheck, the "scores are accurate as originally reported."

(*Id.*)

Two months later, on November 4, 2010, Plaintiff-Appellant's attorney wrote another letter to FSMB. (Doc. No. 1, Ex. F.) This letter requested that Plaintiff-Appellant be provided with "the percentage of questions on the first day of Step 3 that were scored correctly and the percentage of questions the second day of Step 3 that were scored as answered correctly." (*Id.*) Although FSMB responded and declined this request, it informed counsel for Plaintiff-Appellant that it had again reviewed the data outcome file and, based upon the review, Plaintiff-Appellant "completed all scored items on his Step 3 administration with the exception of one item on day one of his examination," (Doc. No. 1, Ex. H), thereby eliminating any concern that entire sections of the examination had been overlooked by Plaintiff-Appellant. FSMB further noted that the "efforts to reassure Dr. Zhang on the completeness and accuracy of his Step

5

3 score have already gone beyond those that the USMLE program ordinarily accords to examinees." (*Id.*)

Apparently still unsatisfied, on February 11, 2011, Plaintiff-Appellant, appearing *pro se*, filed a lawsuit against the Defendant-Appellees and Prometric, the testing center. All three Defendants filed motions to dismiss Plaintiff-Appellant's Complaint for failure to state a claim upon which relief may be granted. [Doc. No. 20, 23]. On December 29, 2011, United States Magistrate Judge Sharp entered a Recommendation that the motions to dismiss be granted and that Plaintiff-Appellant's Complaint be dismissed in full. [Doc. No. 32]. Plaintiff-Appellant filed objections to the Recommendation on January 13, 2012. [Doc. No. 34].

In his objections to the Memorandum Opinion and Recommendation, Plaintiff-Appellant submitted additional documentation showing that FSMB and NBME representatives exchanged multiple communications with Plaintiff-Appellant and/or his representative. Plaintiff-Appellant's objections and documentation reveal that, in addition to the time spent re-checking his examination, confirming the re-check, and providing Plaintiff-Appellant written explanations of their re-examination, representatives for FSMB and NBME spoke with Plaintiff-Appellant about his concerns over

6

the telephone for a total of over three hours. (Doc. No. 1, Exs. C, D, G, and H and Doc. No. 34, Exs. A-J.)

On January 27, 2012, the Defendant-Appellees filed their response to Plaintiff-Appellant's objections. [Doc. No. 35]. On February 6, 2012 the District Court entered an Order adopting the Recommendation and dismissing Plaintiff-Appellant's Complaint with prejudice. [Doc. No. 37].

On February __, 2012, Plaintiff-Appellant filed his Notice of Appeal. [Doc. No. 41].

## **ISSUE FOR REVIEW**

DID THE DISTRICT COURT PROPERLY GRANT DEFENDANT-APPELLEES' MOTION TO DISMISS PLAINTIFF-APPELLANT'S COMPLAINT WITH PREJUDICE?

## **ARGUMENT**

Plaintiff-Appellant lists four issues in his informal brief that he asks this Court to review. First, he argues that the District Court did not consider his claim of "withhold or deny right or privilege, breach of internal policies." Second, he argues that Defendant Prometric breached the USMLE policy by permitting Plaintiff-Appellant to take the Step 3 Exam on non-consecutive days. Third, he argues that the District Court erred in dismissing his Complaint because Defendant-Appellees have failed to prove that his test was properly scored. Finally, he argues that Defendant-

7

Appellees denied him his "right or privilege" of having his failing USMLE Step 3 score investigated. All of these issues are without merit and will be addressed in turn below.

> I. The District Court Considered And Rejected Plaintiff-Appellant's "Withhold or Deny Right or Privilege, Breach of Internal Policies" Claim.

Plaintiff-Appellant's first argument on appeal is that the lower court did not properly consider his claim of "withhold or deny right or privilege, breach of internal policies" claim. This argument is without merit and is specifically belied by the Magistrate's Opinion and Recommendation and the District Court's Order adopting that Recommendation in full. [Doc. Nos. 32, 37].

Plaintiff-Appellant stated on his Civil Cover Sheet his allegation of "Withhold or deny right or privilege, Breach of internal policies," [Doc. No. 2], and reiterated these allegations in his Complaint. [Doc. No. 1, p. 5]. The Magistrate's Opinion and Recommendation considered all of the allegations in Plaintiff-Appellant's Complaint and concluded that the Court could find "no well-stated claim under any apparent legal theory." [Doc. No. 32 at 7, n. 3].

In his Objections to the Magistrate's Order and Recommendation, Plaintiff-Appellant specifically made the identical argument to the one he

8

makes here—that the Magistrate did not consider his alleged "withhold or deny right or privilege, breach of internal policies" claim for relief. [Doc. No. 34, pp. 1, 3]. After consideration of Plaintiff-Appellant's Objection, the District Court adopted the Recommendation in full, stating "[t]he Court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report." [Doc. No. 37, p. 1].

Thus, it is clear from the Recommendation and subsequent Order that Plaintiff-Appellant's asserted claim of 'withhold or deny right or privilege, breach of internal policies" was considered and rejected by the lower Court. As such, Plaintiff's argument on appeal that this issue was not considered is without merit.

> II. Any Alleged Breach of USMLE "Policy" by Prometric is Not Attributable to Defendant-Appellees.

Plaintiff-Appellant's second issue raised in his informal brief is directed at Prometric and not at Defendant-Appellees and requires no argument from Defendant-Appellees.

> III. Plaintiff-Appellant's Claim that Defendant-Appellees Improperly Scored Plaintiff-Appellant's Exam Fails to State a Claim For Which Relief May Be Granted.

Plaintiff-Appellant's third argument on appeal is based on a hypothetical scenario involving far-fetched conspiracy allegations that he

9

has proffered as a reason for his failing exam score. These allegations, first raised in Plaintiff-Appellant's Objection to the Magistrate's Recommendation, fail to support a claim upon which relief can be granted.

Plaintiff alleged in his Objection, and now alleges in this appeal, that he was "lied to" by a representative of FSMB, "defendants FSMB and NBME started mounting a series of actions to cover up what had occurred to Plaintiff's Step 3 test," and that there was "a coordinated effort by defendants FSMB and NBME to stop Plaintiff from seeking the truth of his Step 3 score." (Doc. No. 34, pp. 2, 7, 10.) Despite evidence to the contrary that was attached to Plaintiff-Appellant's Complaint, Plaintiff-Appellant demanded in his Objection that "defendants FSMB and NBME provide document(s) verifying the validity of the Step 3 test" in order to prove that a score recheck was actually done, and also demanded that NBME provide documentation relating to NBME's confirmation that the test center at which he took the Step 3 exam is often closed on Tuesday and Wednesday. (*Id.* at pp. 5, 8.) In his informal appeal brief, Plaintiff-Appellant suggests that Defendant-Appellees have the burden of proving that his exam was properly scored.

Plaintiff's conspiracy allegations and demand that Defendant-Appellees now prove that his exam was properly scored run afoul of the

10

Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

In *Iqbal*, the Supreme Court noted that Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 1950. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (*citing Twombley*, 550 U.S. at 556). To determine whether a complaint states a plausible claim for relief, the reviewing court must "draw on its judicial experience and common sense." *Id.* Further, it is not plausible that there has been wrong-doing by a defendant when there are more likely alternative explanations from the facts asserted by a plaintiff. *Id.* at 1951-1952 (explaining that because the September 11 attacks were organized by and carried out by Arab Muslims, it is not surprising that a subsequent policy directing investigators to arrest and detain individuals connected with the attacks would have a disparate impact on Arabs and Muslims and that disparate impact had an "obvious alternative explanation" that made plaintiff's discrimination claim implausible).

In this case, Plaintiff-Appellant went to great lengths to put a hypothetical scenario before the District Court, and now this Court, as to how his exam might have been improperly scored and then covered up by

11

NBME and FSMB. This hypothetical is based upon nothing but assumptions, conclusions, and Plaintiff-Appellant's "decades of experience as a physician and scientist [that] tell him that there is apparently something wrong." (Doc. No. 34, p. 11.) Plaintiff-Appellant, of course, ignores the most obvious reason for his failing grade, namely, that he did not perform adequately.

This observation is even more compelling in light of the fact that Plaintiff-Appellant concedes that FSMB and NBME "did have a complete data file for each of the two testing days." (Doc. No. 34, p. 10.) Having conceded that FSMB and NBME had "a complete data file for each of the two testing days," (*id.*) the undisputed facts that all the data was received from both days of testing and that the test score has been re-checked, there was nothing for the District Court to adjudicate with respect to this matter: Plaintiff-Appellant failed the exam, all the data was received, his test has been rechecked, and his failing score has been confirmed.

Following the Supreme Court's methodology in *Iqbal*, the "obvious alternative explanation" for Plaintiff-Appellant's failing score is that Plaintiff simply failed the test. In the face of this obvious alternative explanation, Plaintiff-Appellant's hypothetical scenario and conspiracy allegations are neither plausible nor actionable. As such, under *Twombley*

12

and *Iqbal* Plaintiff-Appellant should not be permitted to proceed with his meritless claim based on his conclusory allegations of wrong-doing by NBME and FSMB. As such, the District Court properly dismissed Plaintiff's Complaint.

> IV. Plaintiff-Appellant's Claim that Defendant-Appellees Allegedly Denied Plaintiff-Appellant's Right or Privilege to Have His Failing Exam Score Investigated Fails to State a Claim For Which Relief May Be Granted.

Plaintiff-Appellant's final argument on appeal, that Defendant-Appellees denied his right or privilege to have his score examined, fails for two reasons. First, Plaintiff-Appellant fails to identify the right or privilege withheld or denied by FSMB or NBME that would be actionable under any legal theory. Second, to the extent Plaintiff-Appellant is claiming a "right" to have his USMLE Step 3 score rechecked by FSMB or NBME, even if such right existed, Plaintiff-Appellant's own submissions to the District Court demonstrate that his score was rechecked by FSMB. (Doc. No. 1, Ex. G.)

Plaintiff-Appellant's own Complaint and subsequent filings with the District Court demonstrate that both NBME and FSMB have spent a great deal of time and effort confirming the validity of Plaintiff's Step 3 score. Defendant-Appellees' score recheck "included a review that a complete data file was captured from both days of testing" and that the "'scores are

13

accurate as originally reported.'" (*Id.*)  Further, as referenced in Plaintiff-Appellant's Complaint, Defendant-Appellee FSMB noted in a letter to Plaintiff-Appellant's former attorney that the "efforts to reassure Dr. Zhang on the completeness and accuracy of his Step 3 score have already gone beyond those that the USMLE program ordinarily accords to examinees." (Doc. No. 1 Ex. H.)  Defendant-Appellees FSMB and NBME have no legal obligation to do anything further.

To the extent Plaintiff-Appellant asserts that he has some other right to additional score rechecks by FSMB or NBME, he has pointed to no statute or legal authority to support such an assertion.  Thus, any claim for denial of some unidentified right or privilege was properly dismissed by the District Court.

## **CONCLUSION**

For the forgoing reasons, the Defendant-Appellees Federation of State Medical Boards and National Board of Medical Examiners respectfully request that this Court affirm the District Court's Order dismissing Plaintiff's Complaint with prejudice [Doc. No. 79].

14

This the 30th day of March, 2012.

/s/ Jon Berkelhammer
Jon Berkelhammer
N.C. State Bar No. 10246

/s/ Patrick M. Kane
Patrick M. Kane
N.C. State Bar No. 36861

*Attorneys for Defendant-Appellees Federation of State Medical Boards and National Board of Medical Examiners*

OF COUNSEL:

SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400
Email: jon.berkelhammer@smithmoorelaw.com
pat.kane@smithmoorelaw.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of FRAP 32(a)(7)(B) because it contains 3,152 words, excluding parts of the brief exempted by FRAP 32(a)(7)(B)(iii). This brief complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman font.

This the 30th day of March, 2012.

/s/ Patrick M. Kane
Patrick M. Kane

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the forgoing Informal Response was served upon all parties in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure by:

\_\_\_\_   Hand delivering a copy hereof to the attorney for each said party addressed as follows:

  x    Depositing a copy hereof, postage prepaid, in the United States Mail, addressed as follows:

   Jihui Zhang
   102 Rowe Road
   Chapel Hill, NC 27516

\_\_\_\_   Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed as follows:

\_\_\_\_   Telecopying a copy thereof to the attorney for each said party and to each party as follows:

  x    Use of the Court's ECF facilities.

This the 30th day of March, 2012.

                                        /s/ Patrick M. Kane
                                        Patrick M. Kane