# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

### No.  12-1264
### (1:11-cv-00129-CCE-PTS)

---

JIHUI ZHANG

Plaintiff-Appellant,

v.

FEDERATION OF STATE MEDICAL BOARDS,
NATIONAL BOARD OF MEDICAL EXAMINERS,
and PROMETRIC INC.,

Defendants-Appellees

---

**PETITION FOR REHEARING**

---

JIHUI ZHANG, *pro se* Plaintiff-Appellant
102 Rowe Road
Chapel Hill, NC 27516
Telephone: 919 942 1880
E-mail: zjh1023@gmail.com

1

Plaintiff-Appellant Jihui Zhang ("Zhang"), pursuant to Rule 40 of the Federal Rules of Appellate Procedure and the Fourth Circuit Local Rule 40(b), respectfully submits this petition for rehearing of the above-referenced appeal, which the Court has issued an opinion and entered a judgment on June 5, 2012 [Appeal Doc. 19, #20] to affirm the district court's judgment [Doc. #38 and #40].

## STATEMENT OF PURPOSE

Zhang requests panel rehearing and seeks reversal of the panel decision in this case. The Court affirmed the judgment of the district court without giving the minimal discussion on the four issues brought up for review in Zhang's informal opening brief and without showing the slightest evidence that Zhang's informal reply brief was taken into consideration. The opinion of the Court raises due process concerns because it lacks a general assessment of whether the case was fairly heard. Material factual matters in Zhang's informal opening brief and informal reply brief were overlooked. Even if they were not, Zhang did not have an opportunity to further brief the issue because the Court failed to request supplemental briefing on these matters.

This petition involves one question of exceptional importance and several material factual matters that were overlooked, as follows:

I.    The question of exceptional importance relates to due legal process, a statutorily recognized right. There is no evidence showing that the due legal

process was exercised by the Court in issuing its opinion to affirm the district court's judgment.

II.   Material facts supporting the argument that Defendants-Appellees have violated the United States Medical Licensing Examination (USMLE) policy in scheduling and administering Zhang's UMSLE Step 3 test (a two-day test) on two non-consecutive days (Monday and Thursday) were unmentioned in the opinion, and thus were overlooked.

III.  Lines of factual evidence showing that administering USMLE Step 3 test on two non-consecutive days of Monday and Thursday can lead to improperly scoring of the test were unmentioned in the opinion. Material facts supporting that Zhang's USMLE step 3 score was not derived from the entire two-day test (in other words, part of the test was not scored) were overlooked.

V.    Material facts supporting that Zhang's legitimate request for an investigation of his USMLE Step 3 score was initially granted and then unduly denied were unmentioned in the opinion, and thus were overlooked.

## ARGUMENT

I.   **This Court as well as the district court failed to follow the due legal process in making its corresponding judgment.**

This case was originally filed in the Federal District Court in Greensboro, North Carolina on February 18, 2011 against the three defendants-appellees – Federation of State Medical Boards (FSMB), National Board of Medical Examiners

(NBME), and Prometric, Inc. (Prometric) [Doc. #1]. Zhang cited on his Civil Cover Sheet [Doc. #2] 42 USC § 2000a-2(a) as the US Civil Statute under which he was filing and 'withhold or deny right or privilege, breach of internal policies' as his cause of action.

On December 29, 2011 Magistrate Judge P. Trevor Sharp issued Recommendation of United States Magistrate Judge, that the action be **dismissed** [Doc. #32]. In the Recommendation [Doc. #32], Magistrate Judge P. Trevor Sharp made a ruling solely based on 42 U.S.C. § 2000a-2a and 42 U.S.C. § 1983. No efforts were given to address the issues of whether the appellees had breached USMLE policies and whether NBME had unduly deprived Zhang's legitimate request for an objective score investigation in an effort to cover up the damage (an extremely low, failing Step 3 score). On January 13, 2012, Zhang provided ample factual evidence in his Objection [Doc. #34] to support his claim of 'withhold or deny right or privilege' and 'breach of internal policies.' The district court should accept these lines of evidence and make a *de novo* determination *per* Federal Rules of Civil Procedures 72(b). However, on February 6, 2012, a judgment was signed by Judge Catherine C. Eagles to adopt the Magistrate Judge's Recommendation that defendant-appellees's Motions to Dismiss are granted and that this action is **dismissed with prejudice** [Doc. #38]. There were no discussion or a general assessment regarding whether appellees have breached USMLE policies. There was no explanation, in adopting the

Magistrate Judge's Recommendation, why Judge Catherine C. Eagles ordered the case be **dismissed with prejudice**, instead of **dismissed** as originally recommended.

Zhang filed his Notice of Appeal on February 27, 2012. [Doc. #41]. An informal opening brief and an informal reply brief were subsequently filed in a timely fashion in this Court [Appeal Doc. # 11, #18]. Four separate and specific issues were listed in the informal opening brief on which requests were make for this Court to review. Material facts and lines of factual evidence were provided in the informal reply brief to support Zhang's argument on these four issues. On June 5, 2012, this Court issued an unpublished *per curiam* opinion and entered a judgment order to affirm the district court's judgment [Appeal Doc. # 19, 20].

Just like the order by the district Judge [Doc. #37] failing to address Zhang's objections to recommendations of Magistrate Judge, the opinion of this Court failed to address the four specific issues raised for review and overlooked all the material facts and many lines of factual evidence. Such lack of a general assessment of whether the case was fairly heard indicates that the due legal process was not properly followed by either the district court or this Court.

## II.    Administering Zhang's USMLE Step 3 test on two non-consecutive days of Monday and Thursday violates the USMLE policy and constitutes a breach of internal policy.

Zhang has clearly and consistently claimed that it is a violation of USMLE policy to administer Step 3 test on two non-consecutive days of Monday and Thursday when the Prometric Test Center is open on the intervening Tuesday and

Wednesday, just as he has experienced for his Step 3 test. Even appellee Prometric has acknowledged unequivocally that the administration of Zhang's Step 3 test has violated USMLE policy. However, repeated efforts were made by NBME and FSMB to justify Zhang's Step 3 test administration but to no avail. NBME even provided a highly likely falsified document to claim that the test center where Zhang took the test was closed on the Tuesday and Wednesday following his first day of testing on Monday.

Facts and lines of factual evidence to support the argument that administering Zhang's USMLE Step 3 test on two non-consecutive days of Monday and Thursday violates the USMLE policy and constitutes a breach of internal policy were presented in detail in Zhang's informal reply brief.

**III. Administering USMLE Step 3 test on two non-consecutive days of Monday and Thursday can cause the test to be scored improperly and lead to an incorrect, failing score. Zhang's USMLE Step 3 score was highly unlikely derived from the entire two-day test, rather only part of the two-day test was accounted for the score due to the breach of policy of test administration.**

FSMB has desperately lied to Zhang about how his two-day Step 3 test data were handled at the Prometric Test Center in an effort to stop him from seeking the truth of his Step 3 test score. Zhang has explained how administering his Step 3 test on Monday and Thursday by Prometric can cause failure to electronically bundle his two days' test files and ultimately lead to improperly scoring his test. The district

court failed to discuss this fact-and-evidence-based argument in making its judgment on February 6, 2012.

Counsel for appellees have repeatedly argued in the lower court and again here in this Court that NBME properly scored Zhang's Step 3 test because NBME had data files accounted for his two testing days. This argument is pure sophistry. Apparently, having saved files for both testing days doses not equate having properly scored the test. The problem is if the files were saved but not electronically bundled properly, NBME's scoring software would not be able to score the test in its whole; hence the score generated would be based on only part of the test. Zhang has precisely argued that the administration of his Step 3 test on Monday and Thursday led to a failure by Prometric to electronically bundle his test files, which in turn led to a score that was derived from only part of his test and was hence below the bottom 1% among all examinees.

Because FSMB and NBME had Zhang's test files and had conducted an automated routine score recheck, it was very reasonable to request copies of his score recheck sheets from FSMB. [Doc. #1 Ex. E]. FSMB refused to honor such a legitimate request. [Doc. #1 Ex. G]. Then, Zhang requested FSMB provide the percentage of items answered correctly on each day of his test administration. [Doc. #1 Ex. F]. Again, FSMB refused. [Doc. #1 Ex. H]. If either of the above requests had been furnished, this case would not have ended up in the district court, let alone this

Court. The key issue is that, with all the doubt surrounding it, FSMB and NBME have faied to show that Zhang's Step 3 score was based on his whole test.

### IV. Unduly denying the initially granted investigation of Zhang's USMLE Step 3 score constitutes a desperate attempt by NBME to hide the truth of what has led to Zhang's extremely low, failing score.

In light of his extremely low, failing Step 3 score that is below the one percentile, Zhang contacted NBME's Office of Scores and Examinee Records on April 2, 2010 and was clearly informed that he could submit a request for further investigation of his Step 3 score. Such an investigation is also known as "manual score recheck," in contrast to the routinely offered automated score recheck, which had already done for Zhang. [Doc. #29 p. 12 –13, Doc. #34 p. 8]. Zhang was further instructed to email his request to scores@nbme.org with a headline of "Attn: Examinees Record Manager." Zhang did as instructed on the same day. [Doc. #34 Ex. G]. Surprisingly, on April 9, 2010, Zhang received an email from NBME's Office of Scores and Examinee Records stating, "After discussing your situation and our April 6, 2010 conversation with the Test administration Department, it was recommended that you contact them directly." [Doc. #34 Ex. I]. Without giving an explanation, Office of Scores and Examinee Records reversed its decision to investigate Zhang's score and referred Zhang to the Office of Test Administration. Such an act indicates an effort by NBME to hide the truth of what has led to Zhang's extremely low, failing score and also implies there was a test administration breach (Step 3 test on two non-consecutive days of Monday and Thursday).

Facts and lines of factual evidence to support the argument that unduly denying the initially granted investigation of Zhang's USMLE Step 3 score constitutes a desperate attempt by NBME to hide the truth of what has led to Zhang's extremely low, failing score were presented in detail in Zhang's informal reply brief.

## **CONCLUSION**

For the foregoing reasons, rehearing should be granted in order for this Court to consider the overlooked material factual matters and to issue necessary supplemental briefing on these matters. This Court should decide this appeal as soon as possible.

Respectfully submitted this the 19th day of June 2012.

JIHUI ZHANG, *pro se* Plaintiff-Appellant
102 Rowe Road
Chapel Hill, NC 27516
Telephone: 919 942 1880
E-mail: zjh1023@gmail.com

## CERTIFICATE OF PLAINTIFF-APPELLANT

As Plaintiff-Appellant, *pro se*, I believe this petition for rehearing to be meritorious and hereby certify that this petition is presented in good faith and not for purposes of delay.

This the 19th day of June 2012.

JIHUI ZHANG, *pro se* Plaintiff-Appellant
102 Rowe Road
Chapel Hill, NC 27516
Telephone: 919 942 1880
E-mail: zjh1023@gmail.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, as required by Local Rule 3,1 the

foregoing Petition for Rehearing was served upon all Defendants-Appellees' counsel

on June 19, 2012 by first-class mail, postage paid, addressed to the following:

Patrick M. Kane
Jonathan A. Berkelhammer
Smith Moore Leatherwood LLP
300 N. Greene Street
Suite 1400
Greensboro, NC 27401

*Attorneys for Defendants-Appellees Federation of State Medical
Boards and National Board of Medical Examiners*

Benjamin R. Norman
Reid L. Phillips
Brooks, Pierce, McLendon, Humphery & Leonard, LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401

*Attorneys for Defendant-Appellee Prometric, Inc.*

JIHUI ZHANG, *pro se* Plaintiff-Appellant
102 Rowe Road
Chapel Hill, NC 27516
Telephone: 919 942 1880
E-mail: zjh1023@gmail.com

EP14F November 2011 © U.S. Postal Service
This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail shipments.

U.S. POSTAGE
PAID
CHAPEL HILL, NC
JUN 19, '12
AMOUNT
$5.90
00041780-06

23219

UNITED STATES
POSTAL SERVICE

1024

PLEASE PRESS



PRIORITY
MAIL
UNITED STATES POSTAL SERVICE ®

www.usps.com

From:

JITHU ZHANG
102 ROWE ROAD
CHAPEL HILL, NC 27516

**TO:** Patricia S. Connor, Clerk
U.S. Court of Appeals for the
Fourth Circuit
1100 East Main St., Suite 501
Richmond, VA 23219-3517

Label 228 June 2004

PRIORITY
MAIL ®
UNITED STATES POSTAL SERVICE ®

PLEASE PRESS FIRMLY

...ED STATES POSTAL SERVICE

...Rate Mailing Envelope

...s at usps.com

...nited States Postal Service ®

...ERY CONFIRMATION ™



3260 0000 4116 3919


